Endel Kolde (pro hac vice)[i]
INSTITUTE FOR FREE SPEECH
1150 Connecticut Ave., NW, Ste. 801
Washington, DC 20036
(202) 301-1664
Facsimile: (202) 301-3399
dkolde@ifs.org

*Counsel for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| WYOMING GUN OWNERS, a Wyoming nonprofit corporation,<br><br>　　*Plaintiff*,<br><br>　　　　*v.*<br><br>EDWARD BUCHANAN, in his official capacity as Wyoming's Secretary of State; KAREN WHEELER, in her individual and official capacities as Wyoming's Deputy Secretary of State; KAI SCHON, in his individual and official capacities as Election Division Director for the Wyoming Secretary of State; and BRIDGET HILL, in her official capacity as Wyoming Attorney General.<br><br>　　*Defendants*. | Civil Action No. 21-CV-108-S<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY IN RE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>*Oral Argument Requested* |

NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Wyoming Gun Owner's ("WyGO's") motion for preliminary injunction is currently pending before this Court. Yesterday, the U.S. District Court for the District of Colorado issued a preliminary injunction in *Lakewood Citizens Watchdog Grp. v. City of Lakewood,* Civil Action No. 21-cv-01488-PAB, 2021 U.S. Dist. LEXIS 168731, at *36 (D. Colo. Sep. 7, 2021). WyGO hereby gives notice of this opinion as additional authority for the Court's consideration.

Although the Colorado district court addressed a different law and factual situation, its analysis regarding the implications of the lack of an earmarking requirement for disclosure of donations is relevant to the case at bar. *See Lakewood,* at *32-36.

Specifically, the court reasoned that the Lakewood ordinance did not have an earmarking requirement, which would have the practical effect of forcing the overinclusive disclosure of donors who may not have contributed intending to support election-related press coverage. *Id.* at *34-35 ("This creates a "mismatch" between the interest served–knowing who is speaking about a candidate–and the information given"). The Court concluded that the lack of an earmarking component caused the ordinance to fail exacting scrutiny, because requiring disclosure of only earmarked donations would be a less-intrusive alternative. *Id.* at *36.

The Wyoming electioneering communications regime at issue in this case suffers from the same infirmity. WyGO raised the lack of earmarking in its briefing (ECF No. 30 at 17-20, 25-27; ECF No. 34 at 7-8). We have no objection to Defendants filing a short response to this notice.

DATED: September 8, 2021

Respectfully submitted,

| | |
|---|---|
| *s/Endel Kolde* | *s/Seth Johnson* |
| Endel Kolde (pro hac vice)[i] | Seth "Turtle" Johnson (WBA 7-5748) |
| INSTITUTE FOR FREE SPEECH | Slow and Steady Law Office, PLLC |
| 1150 Connecticut Avenue, NW, Suite 801 | 1116 W. Farm Ave. |
| | P.O. Box 1309 |
| Washington, DC 20036 | Saratoga, WY 82331 |
| (202) 301-1664 | (307) 399 – 6060 |
| Facsimile: (202) 301-3399 | Turtle@SlowandSteadyLaw.com |
| dkolde@ifs.org | |

*s/Stephen Klein*
Stephen Klein (pro hac vice )
Barr & Klein PLLC
1629 K St NW Ste. 300
Washington, DC 20006
(202) 804-6676
steve@barrklein.com

*Counsel for Plaintiff*

---

[i] Admitted in Washington State. Not admitted to practice in the District of Columbia. Currently supervised by D.C.-licensed attorneys.